**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| NOBLE BANNER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 3:24-cv-0560 |
| | : | |
| EXPERIAN INFORMATION SOLUTIONS, INC. | : | |
| PENTAGON FEDERAL CREDIT UNION, and | : | |
| EQUIFAX INFORMATION SERVICES, LLC, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**FIRST AMENDED COMPLAINT**

Plaintiff Noble Banner files this Amended Complaint against Defendants Experian Information Solutions, Inc., Pentagon Federal Credit Union ("PFCU"), and Equifax Information Services, LLC (collectively, "Defendants"). In support, Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1.      Congress enacted the Fair Credit Reporting Act ("FCRA") to protect consumers from the devastating impacts of inaccurate credit reporting. S. Rep. No. 91-517, at 1 (1969) (explaining that the FCRA was intended to "prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report"); *see also Guimond v. Trans Union Credit Info.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (explaining that the FCRA was enacted "to protect consumers from the transmission of inaccurate information about them and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner" (citations omitted)).

2.      The statute's express purpose is for "consumer reporting agencies [to] adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel,

insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. 1681(b).

3.     Even so, inaccurate credit reporting is still a pervasive, long-standing issue for consumers. For example, in 2012, the FTC published a reporting finding that twenty percent of consumers who participated in its study had at least one error on their credit report.[1] Almost ten years later, the situation was even worse: a 2021 study found that more than 34 percent of surveyed consumers identified at least one error on their credit reports.[2]

4.     Here, PFCU reported inaccurate information to Experian and Equifax about Plaintiff's auto loan, including that the loan was paid and closed with a delinquent status.

5.     Making matters worse, Experian and Equifax reported this account twice on Plaintiff's credit report, making it appear that Plaintiff had two derogatory auto loans.

6.     When Plaintiff disputed the reporting of that account with Experian and Equifax and explained that the account should be reporting as an open account with no derogatory payment information, Defendants failed to adequately investigate his dispute or remove the inaccurate information from his credit report.

---

[1] *See* Fed. Trade Comm'n, *Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003*, at 64 (Dec. 2012), https://www.ftc.gov/sites/default/files/documents/reports/section-319-fair-and-accuratecredit-transactions-act-2003-fifth-interim-federal-trade-commission/130211factareport.pdf.

[2] *See* Syed Ejaz, Consumer Reports, *A Broken System: How the Credit Reporting System Fails Consumers and What to Do About It* (June 10, 2021), https://advocacy.consumerreports.org/wp-content/uploads/2021/06/A-Broken-System-How-the-Credit-Reporting-System-Fails-Consumers-and-What-to-Do-About-It.pdf.

7.     As a result, Plaintiff alleges claims against Experian and Equifax for: (1) violating the FCRA, §1681e(b), by failing to reasonably ensure the maximum possible accuracy of his credit reports; and (2) violating the FCRA, §1681i, by failing to fully investigate his disputes.

8.     In addition, Plaintiff alleges claims against PFCU for failing to properly investigate his disputes and to review all relevant information provided to it by Experian and Equifax, in violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1).

## JURISDICTION AND VENUE

9.     This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

10.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and Division, and a substantial part of the events giving rise to Plaintiff's claims occurred here.

## PARTIES

11.     Plaintiff Noble Banner is a natural person residing in this District and Division.

12.     Defendant Experian is a foreign corporation with a principal place of business in Orange, California. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

13.     Defendant PFCU has its principal place of business in McLean, Virginia. It is a "furnisher" as governed by the FCRA.

14.     Defendant Equifax is a foreign limited liability company authorized to do business in Virginia.  Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## FACTS

15.     In November 2023, Plaintiff purchased a car with an auto loan from PFCU.

16.     When Plaintiff obtained the auto loan with PFCU, he set up automatic monthly payments.

17.     Due to an error, however, PFCU marked the loan as paid and closed.

18.     Plaintiff contacted PFCU and alerted them to the error.

19.     Even so, PFCU continued to report inaccurate information about Plaintiff's auto loan, including that it had a derogatory payment history.

20.     And making matters worse, Experian and Equifax reported this account twice on Plaintiff's credit report, making it appear that he had two negative auto loans.

21.     After Plaintiff noticed the inaccurate information on his credit report, Plaintiff disputed that inaccurate reporting with Experian and Equifax in April 2024.

22.     Plaintiff mailed Experian and Equifax a dispute letter explaining the inaccuracies in his credit report and asked Experian and Equifax to update the inaccurate information. He also attached proof that PFCU's reporting was incorrect.

23.     Upon information and belief, Experian and Equifax forwarded notification of Plaintiff's dispute to PFCU.

24.     Despite Plaintiff's dispute, PFCU verified its reporting as accurate.

25.     Experian and Equifax, meanwhile, relied entirely on PFCU's investigation results and neglected to conduct any other investigation into Plaintiff's disputes.

26.     As a result, the inaccurate information about the PFCU account remained on Plaintiff's Experian and Equifax reports.

27.     As a result of Defendants' conduct, Plaintiff has suffered significant actual damages, including being denied for credit cards, which he needed to help finance equipment for his newborn's serious health condition. This has also caused significant stress and emotional strain on Plaintiff.

28.     Plaintiff has also suffered a reduced credit score, embarrassment, humiliation, and emotional distress.

***Defendants' FCRA Violations Were Willful***

29.     As a standard practice, Experian and Equifax do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the furnisher despite several court decisions admonishing this practice. *See, e.g.*, *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

30.     Upon information and belief and consistent with its standard policies and procedures, Experian and Equifax automatically generated their "investigation" results once PFCU verified the status of the account.  Experian and Equifax did not take any extra actions to verify the accuracy of the information that PFCU provided to them.

31.     Instead, Experian and Equifax blindly accepted PFCU's version of the facts and continued to report the inaccurate, derogatory information on Plaintiff's credit reports.

32.     Experian and Equifax continue the practice of parroting the furnisher's response despite several lawsuits alleging (and establishing) that they fail to conduct a reasonable investigation under the FCRA.

33.     Experian and Equifax do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

34.     As a result, at all times relevant to this Complaint, Experian's and Equifax's conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. By example only and without limitation, their conduct was willful because they ran a risk of harm that was known, or so obvious it should have been known, by failing to implement any procedure to identify and correct these common errors before furnishing reports.

35.     PFCU's processing of consumer disputes was also willful and carried out in reckless disregard for consumers' rights under the FCRA. For example, PFCU's conduct was willful because it was intentionally accomplished through intended procedures that prioritize efficiency over accuracy.

36.     The willfulness of PFCU's FCRA violations can be established by, for example:

a.  Congress enacted the FCRA in 1970, and PFCU has had several years to become compliant;

b.  PFCU is a company with access to legal advice through its own general counsel and outside litigation counsel. Yet there is not contemporaneous evidence that PFCU determined that its conduct was lawful;

c.  PFCU knew, or had reason to know, that its conduct contradicted the FCRA's plain language, regulatory guidance, and the relevant case law;

d.  PFCU voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading of the statute that was merely careless;

e.  PFCU's FCRA violations were repeated and systematic;

f.  PFCU had substantial documentation available to it that apprised it of its duties under the FCRA but still chose not to comply with the statute; and

g.  PFCU had notice of its defective dispute processing procedures through internal audits and litigation but chose not to meaningfully change its policies and procedures to comply with the FCRA.

## COUNT ONE:
## VIOLATION OF FCRA, 15 U.S.C. § 1681e(b)
## (EXPERIAN and EQUIFAX)

37.     Plaintiff incorporates the preceding allegations.

38.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files that it published and maintained.

39.     Because of Experian's and Equifax's conduct, Plaintiff suffered actual damages, including, without limitation, including a reduced credit score, inability to obtain credit, embarrassment, humiliation, and emotional distress.

40.     Experian's and Equifax's conduct in violating § 1681e(b) was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorneys' fees under 15 U.S.C. § 1681n.

41.     In the alternative, Experian and Equifax were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

## COUNT TWO:
## VIOLATION OF FCRA, 15 U.S.C. § 1681i
## (EXPERIAN and EQUIFAX)

42.     Plaintiff incorporates the preceding allegations.

43.     Experian and Equifax violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate in violation of § 1681i(a)(1); (2) failing to provide PFCU with all the relevant information about Plaintiff's disputes in violation of § 1681i(a)(2); (3) failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); (4) failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A).

7

44.     Because of Experian's and Equifax's violations of §1681i, Plaintiff suffered actual damages, including, but not limited to, a reduced credit score, inability to obtain credit, embarrassment, humiliation, and emotional distress.

45.     Experian's and Equifax's violations of § 1681i were willful, rendering it liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorneys' fees under 15 U.S.C. § 1681n.

46.     In the alternative, Experian and Equifax were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

**COUNT THREE:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(A)**
**(PFCU)**

47.     Plaintiff incorporates the preceding allegations.

48.     On one or more occasion within the past two years, PFCU violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

49.     When Plaintiff disputed the account with Equifax and Experian, PFCU used a dispute system named "e-Oscar," which is an automated system that the credit reporting agencies have developed to quickly transmit disputes to furnishers.

50.     E-Oscar is an automated system, and the procedures used by the credit reporting agencies are systematic and uniform.

51.     E-Oscar's dispute processing is systemic and uniform: when the credit reporting agencies receive consumer disputes, they (usually via an outsourced vendor) translate each dispute into an automated consumer dispute verification ("ACDV") form.

52.     Upon information and belief, the ACDV form is way that PFCU has elected to receive consumer disputes under 15 U.S.C. § 1681i(a).

53.     Upon information and belief, Experian and Equifax forwarded Plaintiff's disputes by ACDVs.

54.     PFCU understood the nature of Plaintiff's disputes when it received the ACDV forms.

55.     Upon information and belief, when PFCU received ACDV forms containing Plaintiff's disputes, it followed a standard and systematically unlawful process where it only reviewed its own internal computer screen for the account and repeated back the same information to the ACDV system that was previously reported to Experian and Equifax.

56.     Upon information and belief, when PFCU receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether there is information already in its computer system that would demonstrate the disputed information is misleading or inaccurate.

57.     Because of PFCU's violation of 15 U.S.C. § 1681s-2(b)(1)(A), Plaintiff suffered actual damages, including a reduced credit score, inability to obtain credit, embarrassment, humiliation, and emotional distress.

58.     PFCU's conduct in violating 15 U.S.C. § 1681s-2(b)(1)(A) was willful, rending it liable to Plaintiff for punitive damages under 15 U.S.C. § 1681n.

59.     In the alternative, PFCU was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

**COUNT FOUR:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(B)**
**(PFCU)**

60.     Plaintiff incorporates the preceding allegations.

61.     On one or more occasion within the past two years, PFCU violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Experian and Equifax.

62.     As Plaintiff detailed in the previous Count, PFCU has elected to use the e-Oscar system for its FCRA disputes from the credit reporting agencies.

63.     When it received the ACDV forms from Experian and Equifax, PFCU did not review any of the information that Plaintiff included in his dispute, which demonstrated that PFCU's reporting of the account was inaccurate.

64.     If PFCU had reviewed this information, it would have known that its previous reporting was incorrect and needed to be updated.

65.     PFCU also ignored the other information that the consumer-reporting agencies provided on Plaintiff's disputes, including the two-digit dispute code that the agencies listed on the ACDV form.

66.     PFCU knew the meaning of the dispute codes used by the consumer-reporting agencies in e-Oscar.

67.     PFCU does not contend that the ACDV system is an inadequate means to receive FCRA disputes from the consumer-reporting agencies.

68.     PFCU understood Plaintiff's disputes and that he was disputing the status and payment history of the PFCU account.

69.     Despite this, PFCU did not update its incorrect reporting regarding the account and continued to report the inaccurate information about Plaintiff.

70.     Because of PFCU's 15 U.S.C. § 1681s-2(b)(1)(B) violations, Plaintiff suffered actual damages, including a reduced credit score, inability to obtain credit, embarrassment, humiliation, and emotional distress.

71.     PFCU's violations of 15 U.S.C. § 1681s-2(b)(1)(B) were willful, rendering it liable for damages under 15 U.S.C. § 1681n.

72.     In the alternative, PFCU was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

**COUNT FIVE:**
**VIOLATION OF FCRA, 15 U.S.C. §§ 1681s-2(b)(1)(C) and (D)**
**(PFCU)**

73.     Plaintiff incorporates the preceding allegations.

74.     On one or more occasion within the past two years, PFCU violated 15 U.S.C. §§ 1681s-2(b)(1)(C) and (D) by publishing its representations within Plaintiff's credit files without also including any notation at all that the account was disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

75.     For example, PFCU failed to add the "XB" or "XC" code to the CCC (Compliance Condition Code) field to the ACDV dispute form when it responded to Experian and Equifax, which would have indicated that the account was disputed.

76.     In addition, PFCU failed to add any other notation that Plaintiff's account was disputed.

77.     Furthermore, PFCU knew that Plaintiff disputed the subject account through his direct and written disputes letters to Experian and Equifax.

78.     Plaintiff's disputes were bona fide as the account reported inaccurate derogatory information.

79.     Because of PFCU's violations of 15 U.S.C. § 1681s-2(b)(1)(C) and (D), Plaintiff suffered concrete and particularized harm, including but not limited to: credit denials, a reduced credit score, reputational damage, embarrassment, humiliation, and other emotional distress.

80.     PFCU's violations were willful, rendering it liable for punitive damages under 15 U.S.C. § 1681n. In the alternative, PFCU was negligent, entitling Plaintiff to recover against it under 15 U.S.C. § 1681o.

81.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorneys' fees from PFCU under 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants as pleaded above; his attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and any other relief the Court finds appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Respectfully submitted,
**NOBLE BANNER**

*/s/ Kristi C. Kelly*
Kristi C. Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Casey S. Nash, VSB #84261
J. Patrick McNichol, VSB #92699
Matthew G. Rosendahl, VSB # 93738
Kelly Guzzo, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
(703) 424-7572 – Telephone
(703) 591-0167 – Facsimile
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com
Email: casey@kellyguzzo.com
Email: pat@kellyguzzo.com
Email: matt@kellyguzzo.com

*Counsel for Plaintiff*